IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA SR.,

    Plaintiff,

    v.                                                  No. CIV 15-0061 LH/KK

GREGG MARCANTEL, GERMAN FRANCO,
MICHELLE BOYER, TISHA ROMERO,
VINCENT VIGIL,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint asserts seven claims:[1] denial of adequate medical treatment, deprivation of property without due process, violation of grievance procedures, violation of the Americans with Disabilities Act, failure to protect Plaintiff's well-being (segregated placement), retaliation, and denial of religious freedom.  The Court notes that allegations of violation of grievance procedures, without more, generally do not support a constitutional claim.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Here, however, Plaintiff alleges that Defendants' violations of these procedures resulted, at least in part, from retaliation.  "Prison officials may not retaliate against . . . an inmate . . . .  even where the action taken in retaliation would be otherwise permissible."  *Smith v. Maschner*, 899 F.2d 940, 947-48 (10th Cir. 1990).  The complaint (Doc. 7) includes a draft order for equitable relief but does not otherwise identify the relief that Plaintiff seeks.

With the exception of Plaintiff's claims against Defendant Marcantel, Secretary of Corrections, Plaintiff's allegations appear to survive scrutiny under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6).  Plaintiff's only reference to this Defendant is the assertion, unsupported by factual allegation, that "this is about prison official[] Gregg Marcantel."  (Compl. 16.)  This allegation does not affirmatively link Marcantel to the various violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers

---

[1] Although Plaintiff numbers his Claims as I-V, Claim II of the complaint asserts both deprivation of property without due process and violation of grievance rights, and he alleges retaliation at various points in the complaint.

supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendant Marcantel.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Marcantel are DISMISSED, and Defendant Marcantel is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 7) and this Order, for Defendants Franco, Boyer, Romero, and Vigil at the Penitentiary of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE