IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA,

    Plaintiff,

v.                                                                 Civ. No. 15-61 LH/KK

GERMAN FRANCO *et al.*,

    Defendants.

### ORDER DENYING MOTIONS TO APPOINT COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motions to Appoint Counsel (Docs. 3, 6), filed January 21, 2015 and February 11, 2015 respectively. For the following reasons, the Court FINDS that Plaintiff's motions are not well taken and will be DENIED.

### *Background*

Plaintiff Victor Apodaca is currently incarcerated at the Penitentiary of New Mexico and is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983. (Doc. 16.) Plaintiff filed this federal civil action on January 21, 2015. (Doc. 1.) In his complaint, Plaintiff alleges that Defendants German Franco, Michelle Boyer, Tisha Romero, and Vincent Vigil[1] denied him medical treatment, deprived him of personal property, violated grievance procedures, destroyed legal mail, imposed discipline, and refused to provide him with kosher meals, in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 1.) Presently before the Court are Plaintiff's two Motions to Appoint Counsel. (Docs. 3, 6.)

---

[1] Plaintiff also asserted claims against Gregg Marcantel, but the Court dismissed these claims on March 5, 2015. (Doc. 9.)

<u>*Analysis*</u>

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). These factors include

> the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.* (internal quotation marks omitted). The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a request for *pro bono* counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

After careful consideration of all the circumstances, the Court will decline to request *pro bono* counsel for Plaintiff at this time. *Rucks*, 57 F.3d at 979. Plaintiff's complaint alleges a number of claims against Defendants, but his submissions to date simply do not convince the Court that any of these claims has sufficient merit to warrant a request for *pro bono* counsel. *Hill*, 393 F.3d at 1115; *Rucks*, 57 F.3d at 979. The remaining three *Rucks* factors also weigh against the Court requesting *pro bono* counsel to represent Plaintiff at this time. Although Plaintiff contends that "[t]he issues involved in this case are complex," (Doc. 3 at 1), the Court disagrees. Plaintiff certainly puts many facts at issue by making many claims; however, these facts do not seem particularly complicated, and Plaintiff appears to have intimate knowledge of

them.  For example, Plaintiff identifies the exact dates on which he alleges he submitted sick call slips but did not see a doctor, and precisely the three items of personal property allegedly taken from him without due process.  (Doc. 1 at 5, 7.)  Likewise, the applicable laws, although several, nevertheless seem clear at this juncture as they apply to Plaintiff's claims.  For example, if Defendants have, as Plaintiff alleges, refused to provide Plaintiff with kosher meals in compliance with his sincerely-held Jewish beliefs, the law governing this conduct is relatively straightforward and very well-settled.  *See, e.g., Kay v. Bemis*, 500 F.3d 1214 (10th Cir. 2007).

Finally, although Plaintiff contends that his ability to litigate this case, his access to a law library, and his knowledge of the law are "limited," (Doc. 3 at 1), Plaintiff has thus far been able to explain to the Court what he seeks and why he seeks it, and to include in his pleadings copious citations to legal authority, as well as to applicable Department of Corrections policies and procedures.  (*See, e.g.,* Doc. 1 at 5, 8-14, 16-17.)  Plaintiff would, as he claims, likely be able to present his claims more effectively if an attorney represented him.  (Doc. 3 at 1.)  However, this is true of virtually any *pro se* litigant.  *See, e.g., Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").  Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a request for *pro bono* counsel, Plaintiff's motion will be denied.  To the extent that Plaintiff requests assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

IT IS THEREFORE ORDERED that Plaintiff's Motions to Appoint Counsel (Docs. 3, 6) are DENIED.  The Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE