IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA, SR.,

       Plaintiff,

v.                                                             1:15-cv-00061-LH-LF

GERMAN FRANCO, et al,

       Defendants.

## **PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant Tisha Romero's Motion to Stay, Doc. 16,[1] defendant Romero's Motion to Dismiss Plaintiff's Claims Against Her Based Upon Res Judicata, Doc. 38, and plaintiff Victor Apodaca's Motion for Leave to File an Amended Complaint, Doc. 28. Apodaca did not file a response to Romero's motion to dismiss, and the time to do so has passed. The Honorable C. LeRoy Hansen referred this case to me to recommend an ultimate disposition. Doc. 24. Having reviewed the motions and being otherwise fully advised, the Court finds Romero's motion to dismiss is well taken, and I recommend that it be granted. I recommend that Apodaca's motion to amend be denied. I further recommend that Romero's motion to stay and Apodaca's responsive "motion" be denied as moot.

**I.**      **Background Facts and Procedural Posture**

Apodaca is an inmate Penitentiary of New Mexico (PNM). Doc. 1 at 1. On September 4, 2014, Apodaca initiated an action against PNM's Health Services Administrator, Tisha Romero, in the First Judicial District Court for the State of New Mexico. *See* Doc. 16-1. In his state court

---

[1] Plaintiff filed a "Motion for Rejection for Order to Stay" (Doc. 33) on October 19, 2015, which, while untimely, the Court will construe as his response to defendant Romero's Motion to Stay (Doc. 16), filed May 6, 2015.

complaint, Apodaca alleged that he received inadequate medical care at PNM when his requested sick calls between May 7, 2014, and June 24, 2014, were unanswered.  Doc. 16-1 at 3; Doc. 16-2 at 3.[2]  He further alleged that Romero retaliated against him by withholding medical care—implicating his Eighth Amendment rights, the Rehabilitation Act, and the Americans with Disability Act (ADA).  Doc. 16-1 at 2-3; Doc. 16-2 at 3.

Four months after initiating a lawsuit in state court, Apodaca filed a civil rights complaint in this Court alleging that he received inadequate medical care when his sick calls were ignored between May 7, 2014, and June 24, 2014.  Doc. 1 at 5.  The federal complaint also contains allegations that Romero retaliated against him by withholding medical care because he filed grievances against her, in violation of his Eighth Amendment rights, the Rehabilitation Act and the ADA.[3]  Doc. 1 at 2–3, 5, 13, 15.

During the pendency of the federal case, the state district court granted summary judgment to Romero finding that "there was no competent evidence that Ms. Romero was responsible for any of the actions complained of by Plaintiff."  Doc. 38-1 at 1.  Romero now seeks dismissal of Apodaca's claims brought against her in this Court based on res judicata.  Doc. 38.

---

[2] Apodaca filed two separate complaints in state court against Romero which the state court consolidated.  Doc. 16-3.

[3] In both the state and federal complaints, Apodaca makes several claims against a variety of defendants that are unrelated to his claims against Romero.  As Romero has only brought a motion to dismiss the claims against her, the court will only address Apodaca's claims as they relate to his claims against Romero.

**II.     Discussion**

   A.   Apodaca's Failure to Respond

This district's local rules require that a response to a written motion must be "served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Although the Court will construe a pro se plaintiff's filings liberally and hold them to less stringent standards than that of a lawyer, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, the Court will not construct an argument where the pro se party has not made one. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Additionally, this district has long insisted that pro se parties follow the same rules of civil procedure as any other litigant. *Id.*

Romero filed her motion on October 28, 2015, and certified that she mailed a copy to Apodaca at his address of record. Doc. 38 at 5. Apodaca had until November 17, 2015, to respond, *see* D.N.M.LR-Civ. 7.4(a); *see also* FED. R. CIV. P. 6(a) (computing time) and (d) (providing for additional time after service is made for mailing), but he has not filed any response to Romero's motion. Apodaca's failure to respond to Romero's motion in the time allowed constitutes consent to grant the motion. Nonetheless, the Court also finds that this case is barred by res judicata.

   B.   Res Judicata

The doctrine of res judicata is designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions,

encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Res judicata gives a litigant one full and fair opportunity to litigate a claim and precludes any later claim that could have, and should have, been brought as a part of the earlier proceeding.  *Potter v. Pierce*, 2015-NMSC-002, ¶ 1, 342 P.3d 54, 57.  "'The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute,' 28 U.S.C. § 1738, which 'directs a federal court to refer to the preclusion law of the State in which judgment was rendered.'"  *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).  Thus, this Court must apply New Mexico law to determine whether Apodaca's claims are barred by the doctrine of res judicata.

Federal law and New Mexico law are aligned in the general standards governing res judicata.  *Potter*, 2015-NMSC-002, ¶ 10, 342 P.3d at 57.  "A party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits."  *Id.* (citation omitted).  If all of these elements are met, res judicata is appropriate unless the party seeking to avoid preclusion—in this case Apodaca—did not have a "full and fair opportunity" to litigate the claim in the prior suit.  *Id.*, 2015-NMSC-002, ¶ 15, 342 P.3d at 59; *see also Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002).

"Both the Tenth Circuit and New Mexico have adopted the transactional approach in analyzing the single-cause-of-action element of res judicata."  *Potter*, 2015-NMSC-002, ¶ 11, 342 P.3d at 57 (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335–36 (10th Cir. 1988)).  "The transactional approach considers all issues arising out of a

4

'common nucleus of operative facts' as a single cause of action." *Id*. (quoting *Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 329, 924 P.2d 735, 738); *see also Wilkes,* 314 F.3d at 504 ("Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." (quoting *Nwosun v. General Mills Rest., Inc*., 124 F.3d 1255, 1257 (10th Cir. 1997)) (internal quotations omitted) (brackets in original). "The facts comprising the common nucleus should be identified pragmatically, considering (1) how they are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their treatment as a single unit conforms to the parties' expectations or business understanding or usage." *Potter*, 2015-NMSC-002, ¶ 11, 342 P.3d at 57 (internal quotation marks omitted).

Here, the state district court reached a final judgment on the merits of Apodaca's claims against Romero. It is well settled that summary judgment is a final judgment on the merits for purposes of res judicata. *Solien v. Physicians Bus. Network, Inc*., 22 F. Supp. 2d 1237, 1239 (D. Kan. 1998) (citing *Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir.1992)); *see also Dowd v. Society of St. Columbans*, 861 F.2d 761, 764 (1st Cir. 1988) ("Summary judgment constitutes a final judgment on the merits for purposes of applying res judicata."); *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 524 (9th Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties."). There is no question Apodaca and Romero were parties in both suits.

The claims presented in this Court are identical to the claims Apodaca raised in the state court. Both Apodaca's state and federal claims are based on Romero allegedly withholding

medical care in retaliation for Apodaca filing grievances against her and cover the same time period. In other words, the state and federal claims arise out of same common nucleus of facts. Further, Apodaca invokes the Eight Amendment, the Rehabilitation Act, and the ADA in both lawsuits. Finally, Apodaca had a full and fair opportunity to litigate his claims in state court, as demonstrated by his appearance at a telephonic hearing in state court where he was able to present oral argument regarding Romero's motion for summary judgment. Doc. 38-1 at 1.

      C.      <u>Apodaca's Motion to Amend is Futile</u>

After a responsive pleading has been filed, a plaintiff may only amend his complaint prior to trial with the opposing party's written consent or leave of the court. *See* FED. R. CIV. P. 15(a)(2). Leave of the court should be given freely unless the amendment would cause undue delay, prejudice the opposing party, or the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc*., 521 F.3d 1278, 1288 (10th Cir. 2008) (internal citation and quotation omitted).

In his motion for leave to amend, Apodaca seeks to add Corizon Health/Penitentiary of New Mexico (Corizon) as a party. Doc. 28 at 1. While Apodaca's proposed amended complaint is not a model of clarity, it appears Apodaca is alleging that Corizon is responsible for the medical staff who failed to respond to his sick calls. Doc. 28 at 1-2. Res judicata bars this claim.

Under the res judicata doctrine, Apodaca is required to bring all of his claims that arise out of a common nucleus of operative fact at the same time, in the same lawsuit. *Potter,* 2015-NMSC-002, ¶ 11, 342 P.3d at 57; *Wilke,* 314 F.3d at 504. The facts that draw Corizon into this case are that Apodaca's sick calls went unanswered. Apodaca's proposed amended complaint alleges that Corizon be added "due to the fact that it was nursing staff and medical staff nurse

[practitioner] and medical doctor['s] fault that sick [calls] were not answered . . ." and that—in addition to Romero and the other defendants—Corizon violated his Eighth Amendment rights. Doc. 28 at 2. Similarly, as discussed above, Apodaca claims that his sick calls were not answered in retaliation for filing grievances against Romero. Because Apodaca's claims against Corizon relate to unanswered sick calls, he should have raised the issue—along with his claims against Romero—in state court because they relate to the same facts and would form a convenient trial unit. Apodaca failed to raise these claims, and res judicata therefore bars any claim he may have against Corizon in this court.

### III. Recommendation

Because all of the elements of res judicata are met and Apodaca has had a full and fair opportunity to litigate his claims in state court, I recommend that Tisha Romero's Motion to Dismiss (Doc. 38) be granted and Apodaca's claims against her be dismissed with prejudice. I further recommend that Apodaca's motion to amend his complaint to add Corizon as a party (Doc. 28) be denied as futile. Finally, I recommend that Romero's Motion to Stay (Doc. 16) and Apodaca's responsive motion (Doc. 33) both be denied as moot.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge