IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA, SR.,

    Plaintiff,

v.                                                                                          1:15-cv-00061-LH-LF

GERMAN FRANCO, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Report and Recommendations (Doc. 53) regarding defendant Tisha Romero's Motion to Stay (Doc. 16), plaintiff Victor Apodaca's Motion to Amend (Doc. 28), Apodaca's Motion for Rejection for Order to Stay (Doc. 33), and Romero's Motion to Dismiss Plaintiff's Claims based on *Res Judicata* (Doc. 38). Having conducted a *de novo* review, the Court finds that Romero's motion to dismiss is well taken and will be granted, Apodaca's motion to amend is not well taken and will be denied, and that Romero's motion to stay and Apodaca's motion for rejection for order to stay are denied as moot. Accordingly, the Court will adopt the magistrate's recommendation.

### I.     Background Facts and Procedural Posture

Plaintiff is currently an inmate at Lea County Detention Center. Doc. 21. At the time he initiated this lawsuit, he was an inmate at the Penitentiary of New Mexico ("PNM"). Doc. 1 at 1. Prior to filing a lawsuit in this court, Apodaca filed a complaint against defendant Tisha Romero and others in the First Judicial District Court for the State of New Mexico. *See* Doc. 16-1. In his state court complaint, Apodaca alleged that he received inadequate medical care at PNM between May 7, 2014 and June 24, 2014, when his requested sick calls were unanswered. Doc.

16-1 at 3; Doc. 16-2 at 3.[1] He further alleged that Romero retaliated against him by withholding medical care—implicating his Eighth Amendment rights, the Rehabilitation Act, and the Americans with Disability Act. Doc. 16-1 at 2–3; Doc. 16-2 at 3.

Apodaca then filed a civil rights complaint in this Court containing the same allegations he had raised in state court. Apodaca alleged that he received inadequate medical care when his sick calls were ignored between May 7, 2014 and June 24, 2014. Doc. 1 at 5. Apodaca's federal complaint similarly alleges that Romero retaliated against him by withholding medical care because he filed grievances against her, in violation of his Eighth Amendment rights, the Rehabilitation Act, and the ADA.[2] Doc. 1 at 2–3, 5, 13, 15.

On May 6, 2015, Romero filed a motion to stay these proceedings until the resolution of the state court action. Doc. 16. Plaintiff did not respond to that motion. It appeared that plaintiff had not received a copy of the motion and the Court ordered that a copy be sent to him at the Lea County Detention Center. Doc. 25. Plaintiff responded to the motion to stay with a "Motion for Rejection for Order to Stay." Doc. 33. He also filed a motion to amend his complaint to add "Corizon Health/Penitentiary of New Mexico" as a party to his federal case. Doc. 28.

During the pendency of the federal case, the state district court granted summary judgment in favor of Romero finding that "there was no competent evidence that Ms. Romero

---

[1] Apodaca filed two separate complaints in state court against Romero which the state court consolidated. Doc. 16-3.

[2] In both the state and federal complaints, Apodaca makes several claims against a variety of defendants that are unrelated to his claims against Romero. As only Romero has brought a motion to dismiss the claims against her, the court will only address Apodaca's claims as they relate to Romero.

was responsible for any of the actions complained of by Plaintiff." Doc. 38-1 at 1. Romero then filed her motion to dismiss Apodaca's federal claims based on *res judicata*. Doc. 38.

I referred this case to Magistrate Judge Laura Fashing pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 24. After Apodaca failed to respond to the motion to dismiss, the magistrate judge issued her Report and Recommendations ("R & R") (Doc. 53) recommending that Romero's motion to dismiss be granted, that the motion to amend be denied, and that the motion to stay and plaintiff's responsive motion be denied as moot. Doc. 53 at 7. Following the issuance of the R & R, Apodaca advised the Court that he had not received several documents that had been filed in this case, including Romero's motion to dismiss. Doc. 56 at 1–2. The magistrate judge then ordered the documents sent to Apodaca and granted him an extension of time to respond to the motion to dismiss and to file objections to the R & R. Doc. 62. Apodaca filed several documents in response to Romero's motion to dismiss and motion to amend the complaint (Docs. 71, 72 and 73), but did not file any specific objections to the R & R.

In his responses, Apodaca argues that *res judicata* does not apply because the state district court reinstated his claims against Romero. S*ee* Doc. 71 at 1; Doc. 72 at 2. His arguments called into question the applicability of the *res judicata* doctrine. Apodaca did not submit state court records that established the claims against Romero were, in fact, reinstated. Therefore, the magistrate judge ordered Romero to provide supplemental briefing on the *res judicata* issue and to produce relevant portions of the state court record. Doc. 75. Romero filed a reply to her motion to dismiss in compliance with the court's order (Doc. 76), and the motion is now ripe for review.

## II.  Standard of Review

Although Apodaca did not file specific objections to the R & R, the Court will construe his responses to Romero's motions collectively as objections.  When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  28 U.S.C.A. § 636(C).  *De novo* review requires the district court to consider relevant evidence of record and not merely review the Magistrate Judge's recommendation.  *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995).  "[A] party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The Court will liberally construe a pro se plaintiff's filings and hold them to less stringent standards than that of a lawyer.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court will not construct an argument where the pro se party has not made one.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.  Discussion

Having reviewed the complete court record *de novo* and liberally construing Apodaca's submissions, I find that Apodaca's state court claims against Romero that have been extinguished by summary judgment in the state court and are barred by the doctrine of *res judicata*.  I further find that Apodaca's proposed amended complaint is futile.

### A. Apodaca's claims against Romero are barred by the doctrine of res judicata.

"A party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter v. Pierce*, 2015-NMSC-002, ¶ 1, 342 P.3d 54, 57 (citation omitted).  If all of these elements are met, *res judicata* is appropriate unless the party seeking to avoid preclusion did not have a "full and fair opportunity" to litigate the claim in the prior suit.  *Id.*, 2015-NMSC-002, ¶ 15, 342 P.3d at 59; *see also Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002).  Apodaca does not contend that he did not have a full and fair opportunity to litigate his claims in state court.  The issue is whether there was a final judgment on the merits in the earlier action.

Apodaca first asserts that the two cases are different because his second lawsuit contains "many more issues" and "significantly different facts" than his state court case.  Doc. 71 at 1.  However, these conclusory statements do not have any evidentiary support in the record.  Apodaca does not explain how his claims against Romero differ from those in his federal complaint.  As the magistrate judge explained, "[t]he claims presented in this Court are identical to the claims Apodaca raised in the state court.  Both Apodaca's state and federal claims are based on Romero allegedly withholding medical care in retaliation for Apodaca filing grievances against her and cover the same time period."  Doc. 53 at 5–6.

Apodaca next contends that his claims against Romero have been reinstated through an amended complaint in state court.  Doc. 71 at 1; Doc. 72 at 2; Doc. 73 at 3.  Romero counters that the new allegations do not preclude *res judicata* as to the claims in this lawsuit because the claims asserted in the amended compliant are different from Apodaca's original claims.  Doc. 76

at 5.  I agree with Romero.  Apodaca's second amended state court complaint asserts supervisory claims against Romero.  He alleges Romero and others "are legally responsible for the department of corrections for the overall operations of medical care and medications that [state] prisoner's [sic] receive at N.M.C.D. and all G.E.O corporation facility[ies] within the [state]."  Doc. 76-1 at 2.

Supervisory claims against Romero in the second amended state court complaint are different than the claims brought in his first complaint.  In his initial complaint, Apodaca alleged that Romero retaliated against him by withholding his prescription medications and not answering sick calls, in violation of his constitutional rights.  Doc. 16-1 at 2, 3.  Judge Singleton found that "there was no competent evidence that Ms. Romero was responsible for any of the actions complained of by Plaintiff" and granted Romero's motion for summary judgment.  Doc. 38-1.  In the second amended complaint, Apodaca alleges that Romero's subordinates violated his constitutional rights and that she is responsible as their supervisor.[3]  Apodaca's claims against Romero in his second amended state court complaint are distinct from the claims that were dismissed by Judge Singleton.  Apodaca has not revived the initial claims by amending his complaint in state court.  Rather, Apodaca's claims against Romero in this case are identical to claims Judge Singleton dismissed on summary judgment.  Therefore, the magistrate judge was correct in finding that Apodaca's claims against Romero in his federal lawsuit are barred by *res judicata*.

---

[3] To establish a § 1983 claim against a supervisor for the unconstitutional acts of her subordinates, a plaintiff first must show the supervisor's subordinates violated the constitution.  *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (citations omitted).  Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates.  *Id.*

**B. Apodaca's Motion to Amend is Futile.**

In his proposed amended complaint, Apodaca seeks leave to add Corizon Health/Penitentiary of New Mexico (Corizon) as a party. This amendment, however, would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (internal citation and quotation omitted). Apodaca's claims against Corizon are subject to dismissal because they share a common nucleus of operative fact with his claims against Tisha Romero. As the magistrate judge explained:

> Under the res judicata doctrine, Apodaca is required to bring all of his claims that arise out of a common nucleus of operative fact at the same time, in the same lawsuit. *Potter,* 2015-NMSC-002, ¶ 11, 342 P.3d at 57; *Wilkes,* 314 F.3d at 504. The facts that draw Corizon into this case are that Apodaca's sick calls went unanswered. Apodaca's proposed amended complaint alleges that Corizon be added "due to the fact that it was nursing staff and medical staff nurse [practitioner] and medical doctor['s] fault that sick [calls] were not answered . . ." and that—in addition to Romero and the other defendants—Corizon violated his Eighth Amendment rights. Doc. 28 at 2. Similarly, as discussed above, Apodaca claims that his sick calls were not answered in retaliation for filing grievances against Romero. Because Apodaca's claims against Corizon relate to unanswered sick calls, he should have raised the issue—along with his claims against Romero—in state court because they relate to the same facts and would form a convenient trial unit.

Doc. 53 at 6–7.

Apodaca does not address these findings. Instead, he argues that Corizon is a suable entity and that it has been found to have violated prisoner's rights in another case, in a different district. Doc. 73 at 1. These arguments do not assist Apodaca. Apodaca's claims against Corizon arise out of the same common nucleus of operative fact as those alleged against Romero and are now barred under the *res judicata* doctrine.

7

## IV.  Conclusion

Upon *de novo* review and a thorough examination of the record, Apodaca's objections do not establish that the magistrate judge erred in any of her findings of fact or conclusions of law. They are, therefore, overruled.

IT IS THEREFORE ORDERED that

1) The Court adopts Magistrate Judge Laura Fashing's Report and Recommendations (Doc. 53);

2) Tisha Romero's Motion to Stay (Doc. 16) is DENIED as moot;

3) Apodaca's Motion for Rejection for Order to Stay (Doc. 33) is DENIED as moot;

4) Victor Apodaca's Motion to Amend (Doc. 28) is DENIED;

5) Romero's Motion to Dismiss Plaintiff's Claims based on *Res Judicata* (Doc. 38) is GRANTED; and

6) Plaintiff Victor Apodaca's Complaint against Tisha Romero is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE