IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA, Sr.,

    Plaintiff,

v.                                                                       1:15-cv-00061-LH-LF

GERMAN FRANCO, MICHELLE BOYER,
TISHA ROMERO, and VINCENT VIGIL,

    Defendants.

## ORDER ON MOTIONS

THIS MATTER comes before the Court on plaintiff Andrew Apodaca's Request for the Admission[] of Documents (Doc. 83),[1] his Motion for Partial Summary Judgment (Doc. 87), and his Request for Trial or Pretrial Hearing or Conference (Doc. 91). Having reviewed the motions and being fully advised, the Court finds that Mr. Apodaca's request for admission of documents is well taken and will be GRANTED, Mr. Apodaca's motion for summary judgment will be construed as part of his response to the *Martinez* report, and his request for a trial and pretrial conference is premature, and will be DENIED.

**1. Request for Admission of Documents (Doc. 83)**

Mr. Apodaca filed his complaint for civil rights violations on January 21, 2015. Doc. 1. On November 17, 2015, the Court ordered defendants German Franco, Michelle Boyer, and Vincent Vigil to file a *Martinez* report. Doc. 44. Under *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978), the Court may order defendants to investigate the incident or incidents

---

[1] Mr. Apodaca filed the same document in *Apodaca v. Corizon Health Care et al*, 2:16-cv-00096-MV-LF, at Doc. 21, and the Court will grant his request to admit documents in that case in an order filed contemporaneously with this order.

underlying plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether plaintiff has a meritorious claim. *See Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motions for summary judgment or a *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

In accordance with the Court's order for a *Martinez* Report, the Court required Mr. Apodaca to file his response on or before February 19, 2016. Doc. 44. Mr. Apodaca did not file a response by February 19, 2016. Apparently, Mr. Apodaca was having difficulty mailing documents to the Court because he could no longer afford to pay for postage. *See* Docs. 50, 59, 60, 63, 68, 74. Despite these difficulties, Mr. Apodaca filed his response to the *Martinez* Report on March 31, 2016. Doc. 69. In his motion for the admission of documents—filed five months after his deadline to respond to the *Martinez* Report—Mr. Apodaca explains that the documents he is sending are in response to the *Martinez* Report and are evidence that supports his allegations. Doc. 83 at 1. He asks that they be admitted in support of his claims. *Id*. at 2. Mr. Apodaca must be afforded an opportunity to present conflicting evidence. Acknowledging the problems he claims to have had in mailing documents to the Court, I will grant his motion and accept the documents for consideration.

Within his motion for the admission of documents, Mr. Apodaca submits a motion for the production of documents from defendant pursuant to Federal Rule of Civil Procedure 34. Doc. 83 at 3–6. Discovery matters are within the district court's broad discretion. *Abdulhaseeb v.*

*Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).   The purpose of a *Martinez* report in a pro se prisoner case is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims."   *Hall*, 935 F.2d at 1109.   The practice of ordering a *Martinez* report allows the assembly of a record "necessary for the orderly consideration of the issues."   *Martinez*, 570 F.2d at 319.   At this point, discovery is unnecessary because defendants have provided a record sufficient to ascertain whether there is any factual or legal basis for Mr. Apodaca's claims.   The Court denies Mr. Apodaca's request for discovery.

2. **Motion for Summary Judgment (Doc. 87)**

On August 24, 2016, Mr. Apodaca submitted a motion for partial summary judgment (Doc. 87), a brief in support of his motion (Doc. 88), a declaration in support of his motion (Doc. 89), and a statement of undisputed facts (Doc. 90).   Although Mr. Apodaca previously filed a response to the *Martinez* Report (Doc. 69), a review of his motion for summary judgment reveals that it is, in essence, an additional response to the *Martinez* Report, rather than a separate motion.   Given Mr. Apodaca's pro se status, the Court will construe Mr. Apodaca's motion for summary judgment as an additional response to the *Martinez* Report and consider its contents in the context of defendants' motion for summary judgment.[2]

3. **Request for Trial or Pretrial Hearing or Conference (Doc. 91)**

Mr. Apodaca contends that he has gathered "every [ounce] of evidence" and requests that this matter be set for trial.   Doc. 91.   The request is premature because the defendants have

---

[2] The Honorable LeRoy Hansen referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.   Doc. 24.   I will, therefore, issue a report and recommendation with regard to the *Martinez* Report and defendants' motion for summary judgment.   *See* Doc. 54 at 48–59.

3

moved to dismiss Mr. Apodaca's claims, and they assert that they are entitled to summary judgment as a matter of law. Doc. 54 at 47–59. If defendants succeed on either motion, a trial will be unnecessary. "The very purpose of a summary judgment action is to determine whether trial is necessary." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If the Court determines that Mr. Apodaca has failed to state a claim for which relief can be granted, *see* FED. R. CIV. P. 12(b)(6), or the defendants demonstrate that there is no genuine issue of fact and that they are entitled to judgment as a matter of law, FED. R. CIV. P. 56(a), a trial will not be necessary. If, on the other hand, the motions are denied, the Court will set this matter for trial. Accordingly, Mr. Apodaca's motion for a trial or pretrial conference or hearing is denied.

IT IS THEREFORE ORDERED that Mr. Apodaca's Request for the Admission[] of Documents (Doc. 83) is GRANTED;

IT IS FURTHER ORDERED that Mr. Apodaca's request for discovery is DENIED;

IT IS FURTHER ORDERED that Mr. Apodaca's Motion for Partial Summary Judgment (Doc. 87) is construed as a part of his response to the *Martinez* Report and will be considered in that context; and

IT IS FURTHER ORDERED that Mr. Apodaca's Request for Trial or Pretrial Hearing or Conference (Doc. 91) is DENIED.

_____
Laura Fashing
United States Magistrate Judge